# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**JEFFREY J. ZANDER, individually and**
**as Trustee of the CARDINAL TRUST**
**under Agreement dated February 11,**
**2009 and JJZ INSURANCE AGENCY,**
**a Tennessee general partnership d/b/a**
**ZANDER INSURANCE GROUP,**                        **No. 3:12-0967**
                                                    **Judge Sharp/Brown**
                **Plaintiffs**                      **Jury Demand**

**v.**

**KATZ, SAPPER & MILLER, LLP;**
**KSM BUSINESS SERVICES, INC., and**
**ANDREW J. MANCHIR,**

                **Defendants**

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1.      **Jurisdiction**:

The case was removed from the Chancery Court of Davidson County, Tennessee on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

2.      **Plaintiff's theory of the case**:

The plaintiff, Jeffrey J. Zander, retained the defendants to provide accounting, tax, and other consulting services in connection with a proposed ESOP acquisition of a minority interest in Zander Insurance Group. The defendants represented to Mr. Zander that the proposed acquisition would generate the $2,426,591 in tax savings reflected on Exhibit 1 to the Complaint. In reliance upon defendants' representation, the plaintiffs proceeded with the ESOP acquisition.

After the acquisition was completed, Mr. Zander learned that the defendants' representations regarding the tax savings he would realize upon the consummation of the acquisition were not accurate. On January 19, 2012, the defendants even admitted that the representations they made regarding tax savings were not accurate. The plaintiffs have brought this action to recover damages caused by their reliance upon defendants' misstatements regarding tax savings.

3. **Defendant's theory of the case**:

Defendant contends the following:

(a) Jeffrey Zander individually lacks standing to bring this action, and under any circumstance has sustained no damages.

(b) Mr. Zander was well advised of how the establishment of the ESOP would be accomplished, the tax consequences of the establishment of the ESOP, the amount of the tax and other economic benefits, and to whom those tax and other economic benefits would inure.

(c) Plaintiffs have not been injured as the tax and other economic benefits to which they were entitled under the law have been received, or are available with proper implementation of the appropriate steps/plans concerning the ESOP transaction.

(d) Plaintiffs had multiple tax advisors, as well as other financial and business advisors, upon whom they relied to establish the ESOP, and Defendants were not primary in giving that advice.

4. **Identification of the issues**:

The plaintiffs submit the following issues are unresolved:

(a) Whether the negligence of the defendants proximately caused damages to the plaintiffs.

(b)     Whether the defendants negligently misrepresented the tax effect of the proposed ESOP Acquisition and thereby damaged plaintiffs.

(c)     Whether the defendants breached a fiduciary duty to plaintiffs that proximately caused damage to plaintiffs.

The defendants submit the following issues are unresolved:

(a)     Jeffrey Zander's standing to bring this action individually.

(b)     Whether the defendants misrepresented the tax or other economic benefits of establishing the ESOP.

(c)     In any event, whether plaintiffs relied upon any representations of Defendants concerning tax and other economic benefits to be derived from establishment of the ESOP.

(d)     Whether plaintiffs have been damaged.

(e)     Whether plaintiffs properly implemented the appropriate steps/plans concerning the ESOP transaction.

(f)     Whether plaintiffs have fully mitigated their alleged damages, if any.

5.     **Joinder of additional parties**:

Defendants have named a number of professionals who they claim gave advice to the Plaintiffs relating to the establishment of the ESOP.  Plaintiffs may join those named persons/entities as additional defendants.

No counterclaims, cross-claims or third party claims are anticipated.

6.     **Witnesses**

Witnesses known to the plaintiffs at this time are:

(a)     Jeffrey Zander

(b)     Andy Manchir

(c)     David Lewis

(d)     Richard W. Betts

(e)     Dana Holmes

(f)     Mike Collins

(g)     Larry J. Sacks

(h)     Brian Eagle

Witnesses known to defendant at this time are:

(a)     Jeffrey Zander

(b)     Andy Manchir

(c)     Rosanne Ammirati

(d)     David Lewis

(e)     Other attorneys with Wyatt, Tarrant & Combs, LLP

(f)     Richard W. Betts

(g)     Other members of Betts & Rubio, PLLC

(h)     Dana Holmes

(i)     Mike Collins

(j)     Other employees of 2nd Generation Capital, LLC

(k)     Larry J. Sacks

(l)     Other employees of Goldstein/Sacks & Associates, PC

(m)     Bryan Howard

(n)     Steve Thompson

(o)     Other members of Howard & Mobley, PLLC

{00056100.DOC / ver: }4

(p)     Brian Eagle

(q)     Other members of Eagle & Fein

(r)     David Ramsey

7.     **Initial disclosures and Staging of Discovery**:

Rule 26(a) Disclosures: **December 14, 2012**

Completion of All Discovery: November 1**, 2013**

Disclosures of plaintiffs' expert witnesses: **July 31, 2013**

Disclosures of defendants' expert witnesses: **August 30, 2013**

Completion of Expert Discovery: **November 1, 2013**

Defendants' Proposal

Completion of Discovery: **December 6, 2013**

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time-certain with the Court.

8.     **Dispositive motions**:

(a)     Date for filing dispositive motions – **December 2, 2013.**

(b)     Responses to dispositive motions – **January 10, 2014.**

Briefs shall not exceed **25 pages** without leave of Court.  Optional replies, limited to **five pages**, shall be filed within **seven days** after service of the response.  If dispositive motions are filed early, the response and reply dates are moved up accordingly.

9.     **Other deadlines:**

(a)     To add parties – **January 18, 2013**

10.     **Subsequent case management conference**:

(a)     A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **June 10, 2013, at 10:00 a.m.   To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

11.     **Alternate dispute resolution:**

The parties agree that an early mediation (after Rule 26(a)(1) disclosures but prior to commencement of formal discovery) would be helpful.

12.     **Consent to trial before the Magistrate Judge:**

The parties do not consent to a trial before the Magistrate Judge.

13.     **Target trial date**:  The parties estimate that this jury trial will take five days, depending on what issues remain for trial.   After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **May 6, 2014**, **at 9:00 a.m.**  Judge Sharp will conduct the final pretrial conference on **April 14, 2014, at 1:30 p.m.**  Judge Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

IT IS SO ORDERED:


  /s/  Joe B. Brown_____
Joe B. Brown, United States Magistrate Judge