**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| JEFFREY J. ZANDER, individually and as Trustee of the CARDINAL TRUST under Agreement dated February 11, 2009, and JJZ INSURANCE AGENCY, a Tennessee general partnership d/b/a ZANDER INSURANCE GROUP, | ) ) ) ) ) ) ) | Case No. 3:12-cv-00967 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KATZ, SAPPER & MILLER, LLP; KSM BUSINESS SERVICES, INC., and ANDREW J. MANCHIR, | ) ) ) | |
| | ) | |
| Defendants. | | |

**STIPULATION AND AGREED PROTECTIVE ORDER**

It is hereby stipulated and agreed, by and between the parties hereto and their respective

counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that certain documents

requested in this action may contain confidential, private or other proprietary information which

must be protected from unauthorized disclosure. Accordingly, the discovery of certain

documents and information may be conducted only pursuant to the following terms, conditions

and restrictions:

1.      This Stipulated and Agreed Protective Order ("this Order") shall govern all

documents designated or otherwise deemed as "CONFIDENTIAL" and produced either by

Plaintiffs or Defendants ("the parties") or by outside third-parties pursuant to a subpoena or

request for documents in this action. Furthermore, this Order shall govern all information derived

from such documents and all copies, excerpts, or summaries thereof. Under this Order, the

following information shall be considered "CONFIDENTIAL" upon designation by any party to

{00061955.DOC / ver: }

the litigation (referred to collectively as "Designating Party"): confidential financial records and any other business or proprietary information to which the Designating Party would ordinarily limit access by its own employees or third parties in the course of its day-to-day operations. All such designations shall be made in good faith and for a legitimate purpose, and each page that is to be protected shall be separately marked "CONFIDENTIAL." Duplicate copies of pages marked "CONFIDENTIAL" shall also be deemed "CONFIDENTIAL." Should a party fail to mark material as "CONFIDENTIAL" at the time of production, it may do so by designating it "CONFIDENTIAL" and providing counsel with a substitute copy bearing the appropriate legend, within the longer of (a) ten (10) calendar days of the initial production, or (b) if the failure to mark the material as "CONFIDENTIAL" was inadvertent, reasonably soon after the discovery of the mistake; provided, however, that any disclosure of the material before receipt of the substitute copy of the material shall not be considered a violation of this Order.

2. Counsel for any party or any witness may designate the transcript (or any portion thereof) of any deposition as "CONFIDENTIAL" by so stating on the record of the deposition or by doing so within the later of seven (7) calendar days of receipt of the transcript of the deposition or within seven (7) calendar days of the entry of this Protective Order by the Court.

3. Except as otherwise provided herein, documents, depositions, transcripts, and any other information designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than: (a) the parties herein; (b) their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action; (c) persons employed by or assisting counsel in preparation for, or at, the trial of this action, including experts with which counsel may consult; (d) persons who are indicated, from the face of the

document or through other evidence, to have authored, created, or received the designated document or information; (e) document handling and reproduction firms engaged in relation to this action; (f) the Court and its employees; (g) court reporters engaged in relation to this action; and (h) any other person, including any deponent or witness at trial, as expressly authorized in writing or on record at a deposition by the producing party or non-party. All such material and information shall be used solely for the prosecution or defense of this action. Experts and consultants must execute the Consent to Protective Order attached hereto prior to receipt of CONFIDENTIAL materials.

4.      In the event that counsel for any party determines that the defense or prosecution of this action requires that material which has been designated as CONFIDENTIAL pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the information desired to be disclosed, must be made to the party who submitted the documents or information not less than seven (7) calendar days prior to the intended disclosure. If within seven (7) calendar days after the receipt of notice, the party who submitted the documents or information makes a written objection to the party giving the notice, the CONFIDENTIAL material shall not be disclosed unless the Court so orders. If timely written objection is not made, the party who submitted the documents or information shall be deemed to have waived any objection to the disclosure of the designated information to the identified person only, and such disclosure may proceed without further order of the Court. Before disclosure of any CONFIDENTIAL materials may be made to persons not otherwise authorized herein, whether by Court order or otherwise, the persons to whom such disclosure is to be made must execute the Consent to Protective Order attached hereto.

5.      Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order is bound by the terms herein and is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

6.      In the event a deponent in this action may receive CONFIDENTIAL materials hereunder only after execution of the Consent to Protective Order but refuses to execute the consent form, the record shall reflect the deponent's refusal to execute the consent form and the deponent shall be advised, on the deposition record, as to the binding effect of this Protective Order on the deponent, regardless of the deponent's execution of the Consent to Protective Order.  Thereafter, the deponent shall be allowed to view the CONFIDENTIAL materials at and for the purposes of the deposition and shall be bound to the terms of this Protective Order.

7.      Unless an Order of this Court otherwise directs, all CONFIDENTIAL material and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of material which has been designated as CONFIDENTIAL pursuant to this Protective Order which are presented to the Court shall be presented in compliance with the Local Rules of this Court.

8.      This Order shall not prevent any party or non-party from using or disclosing its own confidential or proprietary information in any manner and for any purpose. Likewise, nothing in this Order shall be construed to limit or restrict a party's use of information that is already in the public domain or that the Receiving Party has obtained, independent of the present action, from sources other than the Designating Party.

9.      For purposes of the use at any hearing of any of the material designated as CONFIDENTIAL pursuant to this Protective Order, the ultimate determination of the

confidentiality of any such material shall be made by the Court upon application by any party, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence, nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality or admissibility of such material.

10.    Upon request by the Designating Party within sixty (60) days from final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be returned within sixty (60) calendar days to the person producing the material or destroyed. Should counsel elect to comply with this paragraph by destroying such material, such counsel shall provide a letter to opposing counsel certifying that such destruction has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such CONFIDENTIAL material by third parties. Notwithstanding the foregoing, counsel for each party may retain an archival copy of any court filings, deposition exhibits, and/or hearing or trial exhibits that contain CONFIDENTIAL materials.

11.    Any person entitled to designate documents or information as "CONFIDENTIAL" who reasonably and in good faith believes that such documents or information satisfies the criteria for "CONFIDENTIAL" information, but also reasonably and in good faith believes that such documents or information constitute a trade secret or other highly confidential and competitively sensitive research, development, proprietary or commercial information, may designate such information as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Protective Order.

12. Documents and information designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be subject to all of the provisions of this Protective Order that apply to "CONFIDENTIAL" documents and information, except that "CONFIDENTIAL-ATTORNEY'S EYES ONLY" documents and information shall not be disclosed to any persons other than: (a) the parties' outside legal counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action; (b) one (1) in-house legal counsel for each party, who must execute the Consent to Protective Order attached hereto prior to receipt of any CONFIDENTIAL-ATTORNEY'S EYES ONLY materials; (c) experts or consultants employed by or assisting counsel in preparation for, or at, the trial of this action, who must execute the Consent to Protective Order attached hereto prior to receipt of any CONFIDENTIAL-ATTORNEY'S EYES ONLY materials; (d) persons who are indicated, from the face of the document or through other evidence, to have authored, created, or received the designated document or information; (e) document handling and reproduction firms engaged in relation to this action; (f) the Court and its employees; (g) court reporters engaged in relation to this action; and (h) any other person as expressly authorized in writing or on record at a deposition by the producing party or non-party.

13. The party receiving the designated documents (the "Receiving Party") may object to the Designating Party's designation of documents or information as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by making such objection, in writing, to the Designating Party's counsel within fourteen days of the Designating Party's designation of the documents or information as "CONFIDENTIAL-ATTORNEY'S EYES ONLY." If the parties cannot resolve their dispute over the "CONFIDENTIAL-ATTORNEY'S EYES ONLY" status of such documents or information, the Designating Party shall request a telephonic conference with Magistrate Judge Brown within fourteen days of the Designating Party's counsel receipt of the

Receiving Party's counsel's timely objection to the designation. Failure by the Designating Party to request such a conference shall be deemed as a waiver of the "CONFIDENTIAL-ATTORNEY'S EYES ONLY" status of such documents or information, but if such a request is timely made, the Receiving Party shall not make any use of such documents or information contrary to the provisions of this Order until such time as the Designating Party's request is resolved by the Court. Nothing in this paragraph shall preclude a party from proceeding under paragraph 4 to challenge any designation of "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

14.     Pending entry by the Court, this Order shall be treated as an Agreed Stipulation and shall be considered binding and enforceable upon execution by counsel.

**ENTERED** this the _____ day of September, 2013.

/S/ Joe B. Brown
JUDGE

Agreed to and Submitted for Approval By:

s/ Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (No. 12005)
LEADER, BULSO, & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee  37219
(615) 780-4110
*Attorneys for Plaintiffs*

s/ Tim Edwards
TIM EDWARDS (TN #5353)
LACEY BISHOP (TN #23465)
26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Fax: (901) 521-0940
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| JEFFREY J. ZANDER, individually and as Trustee of the CARDINAL TRUST under Agreement dated February 11, 2009, and JJZ INSURANCE AGENCY, a Tennessee general partnership d/b/a ZANDER INSURANCE GROUP, | ) ) ) ) ) ) ) | Case No. 3:12-cv-00967 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KATZ, SAPPER & MILLER, LLP; KSM BUSINESS SERVICES, INC., and ANDREW J. MANCHIR, | ) ) ) ) | |
| Defendants. | ) | |

## CONSENT TO AGREED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order entered by the Court in this action on _____, 2013, a copy of which is attached hereto, and does hereby agree to comply with and to be bound by the terms of the Protective Order. The undersigned specifically acknowledges and agrees that he/she is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY in this action, from exploiting in any way such CONFIDENTIAL/CONFIDENTIAL-ATTORNEY'S EYES ONLY materials for his/her own benefit, or from using such CONFIDENTIAL/CONFIDENTIAL-ATTORNEY'S EYES ONLY materials for any purpose or in any manner not connected with the prosecution or defense of this action. The terms of the Protective Order are incorporated herein by reference.

Dated:_____          _____

{00061955.DOC / ver: }