```
UNITED STATES DISTRICT COURT
    MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

JEFFREY J. ZANDER, *et al.*,       )
                                   )
       Plaintiffs                 )
                                   )      No. 3:12-0967
v.                                 )      Judge Sharp/Brown
                                   )      **Jury Demand**
KATZ, SAPPER & MILLER, LLP,        )
*et al.*,                          )
                                   )
       Defendants                 )

## O R D E R

Presently pending are a number of motions in this case. There are cross-motions for summary judgment (Docket Entries 69 and 71), which appear to be fully briefed. There is a motion to strike certain disclosures (Docket Entry 88), which appears to be fully briefed; a motion for partial summary judgment (Docket Entry 97) by KSM Business Services, which appears to be fully briefed; a motion to strike declarations of Mr. Faughnan (Docket Entry 144), which appears to be fully briefed; a motion *in limine* to limit the testimony or Richard Betts (Docket Entry 165); a motion *in limine* to strike the Plaintiffs' expert Larry Sacks (Docket Entry 169); and a motion *in limine* to prohibit the testimony or references to some items at trial (Docket Entry 176). All of these motions are dispositive and are before the District Judge.

This case is presently set for a jury trial to begin July 1, 2014, with a final pretrial conference set for June 23, 2014 (Docket Entry 170).

Presently before the Magistrate Judge is the motion by the Defendants to supplement the report of their expert, Mr. Brown (Docket Entry 162). The Defendants have now filed a motion for leave to file a reply (Docket Entry 173). The Magistrate Judge would note with some irony that the motion to file a reply is six pages long and it proposes a five page reply and does not attach a copy of the proposed reply. The Magistrate Judge is not about to buy a pig in a poke. The Defendants should have filed a short motion for permission to file a reply, along with a copy of the reply. They have, in effect, tried to take two bites at the apple by filing a six page request, which goes into a good amount of detail about what the reply would contain without actually filing the reply and, in addition to the six pages, they now want to file a five page reply. The motion to file a reply is **DENIED**.

The Defendants have filed a motion (Docket Entry 175) to strike the Plaintiffs' reference to settlement negotiations contained in Docket Entry 172. The Magistrate Judge does not see that the references are particularly detailed. However, out of an abundance of caution, Docket Entry 172 will be placed under seal. The motion (Docket Entry 175) is **GRANTED** to that extent.

Finally, there is a motion for oral argument in the matter (Docket Entry 174). This motion is **GRANTED** and the matter is set for oral argument on **Thursday, June 5, 2014, at 1:30 p.m., Courtroom 783**. The parties are advised that the Magistrate Judge considers that this motion is governed by the good cause shown

requirements of Rule 16, rather than the freely given in the interest of justice provisions of Rule 15. The Magistrate Judge is also concerned that granting this motion could affect the trial date. The parties should therefore be prepared to argue what would need to be accomplished should the Magistrate Judge grant permission to supplement Mr. Brown's report.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge