UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY J. ZANDER, individually and as Trustee of the CARDINAL TRUST under Agreement dated February 11, 2009, and JJZ INSURANCE AGENCY, a Tennessee general partnership d/b/a ZANDER INSURANCE GROUP, <br><br> Plaintiffs, <br><br> v. <br><br> KATZ, SAPPER & MILLER LLP; KSM BUSINESS SERVICES, INC., and ANDREW J. MANCHIR, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil No. 3:12-cv-967 <br> Judge Sharp |

**MEMORANDUM**

This matter, concerning claims of negligence and negligent misrepresentation arising out of a corporate acquisition, was tried to a jury in Nashville, Tennessee on July 1-10, 2014. The jury returned a verdict in favor of Plaintiffs Jeffrey Zander and JJZ Insurance Agency ("JJZIA"), and awarded Plaintiffs damages in the amount of $7,986,779.00. Now pending before the Court are Defendants Katz, Sapper & Miller LLP, KSM Business Services, Inc. and Andrew J. Manchir's Motion for Remittitur (Docket No. 249), Motion Judgment as a Matter of Law (Docket No. 250), and Motion for New Trial (Docket No. 251), as well as a Motion for Oral Argument on Post-Trial Motions (Docket No. 252). The Motion for Remittitur will be granted and all other Motions will be denied as moot.

1

## I. BACKGROUND

The dispute arose from a September 2011 corporate transaction that has been well documented in the Parties' previous filings and the Memorandum accompanying the Order that denied their cross-motions for summary judgment. (Docket No. 184). To review briefly, prior to the transaction, Plaintiff Jeffrey Zander owned 100% of JJZIA. He sought to recapitalize his interest by transferring a minority share of JJZIA to an employee stock ownership plan, Zander Group Holdings, Inc. Defendants projected this structure would deliver liquidity, additional income, and – at issue here – $2.4 million "tax savings" over the first five years. (Docket No. 183 at 2). Mr. Zander, relying on this information, believed he would pay $2.4 million less in federal income tax as a result. However, the transaction failed to yield the expected tax savings benefit and the employee stock ownership plan served only to reduce taxable income on some portion of $2.4 million.

## II. APPLICATION OF LAW

Rule 59(a) of the Federal Rules of Civil Procedure empowers the Court to "grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." In the alternative, the Court may "deny a defendant's motion for new trial on the condition that the plaintiff agree to remit a suggested amount of damages awarded by the jury." Riccardi v. Vanderbilt Univ. Med. Ctr., 2008 WL 60507, at *5 (M.D. Tenn. Jan. 2, 2008) (citing Brewer v. Uniroyal, Inc., 498 F.2d 973, 976 (6th Cir. 1974) ("[T]he District Court must offer the party awarded damages the choice of a new trial or the amount of the Court's remittitur.")). See also Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation), 722 F.3d 838, 845 (6th Cir. 2013) ("Whether to grant or deny a motion for remittitur is a discretionary decision for the

district court to make and explain after that court has carefully reviewed the trial evidence to determine whether the jury verdict was excessive.")

"When deciding a motion for remittitur in a case governed by state law,'[t]he role of the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under [Federal Rule of Civil Procedure] 59, whether a new trial or remittitur should be ordered.'" Farley v. Country Coach Inc., 403 Fed. Appx. 973, 980 (6th Cir. 2010) (citing Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 435 & n. 18, (1996); Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989)). Section 20-10-102(a) of the Tennessee Code empowers a trial judge who "is of the opinion that the verdict in favor of a party should be reduced" to grant a motion for remittitur. In so doing, the "trial judge acts as thirteenth juror," Bain v. Simpson, 2002 WL 360320, at *2 (Tenn. Ct. App. March 7, 2002), and "independently weigh[s] the evidence, determine[s] the issues, and decide[s] whether the verdict is supported by the evidence." Johnson v. Torrington Co., 2012 WL 2337615, at *9 (Tenn Ct. App. June 19, 2012).

In this case, after carefully examining the record, the Court concludes that the jury's verdict, which awarded to Plaintiffs damages for ten years in the amount of $7,986,779.00, was not justified by the evidence presented at trial. Instead, based upon the testimony offered at trial and the particular facts and circumstances of this case, the Court finds that the maximum amount of damages reasonably supported by the evidence is commensurate five years.

While Tennessee law permits some degree of estimation regarding amount of damages provided the existence of damages is established, courts have generally viewed damages calculations based on speculative projections with suspicion. See e.g., Starr Printing Co., Inc. v. Air Jamaica, 45 F. Supp. 2d 625, 634 ("In order to recover lost profits, the profits must not be

remote, uncertain, or speculative."); Bodie-Rickett and Assoc. v. Mars, Inc., 957 F.2d 287, 292 (concluding a party whose damages calculation was highly speculative lacked standing). In this case, the Court agrees with Defendants that an award for damages exceeding the five-year point is simply not supported. All projections created in anticipation of the transaction were limited to the five-year mark, including the spreadsheet Mr. Manchir sent to Plaintiffs setting out the "tax savings" the transaction would bring, (Docket No. 74-11), and Mr. Zander's own projection of his company profits for use in valuation, (Docket No. 228 at 65). This limited period reflects the realities of the fast-paced business environment in which such closely-held companies operate, fluctuations in the economy and general business climate, as well as Mr. Zander's own desire for flexibility to divest himself of the venture at any time. (Docket 229 at 110).

The only basis provided for the ten-year calculation offered by Plaintiffs was Mr. Zander's own testimony that he thought continued ownership for ten years was a "reasonable expectation." (Id.) This sparse justification is further weakened by the testimony that immediately followed, in which Mr. Zander emphasized his ability sell his shares at any time he had "worn out [his] welcome or no longer wanted to be involved." (Id.) Without further evidence, this assertion – hailing solely from the party which stands to benefit from it – is insufficient to "permit a factfinder to draw reasonable inferences and make a fair and reasonable assessment." Grantham and Mann Inc. v. American Safety Products, Inc. 831 F.2d 596, 601-02 (6th Cir. 1987); see also Haynes v. Cumberland Builders, Inc., 546 S.W.2d 228, 233 (Tenn. Ct. App. 1976) (noting the burden of proving damages lies with the plaintiff, who may recover only for damages "which are not remote or speculative but which are proved to be a reasonable certainty.").

For the reasons set forth above, Defendants' Motion for Remittitur (Docket No. 249) will be granted. The Court will recommend a remittitur of the damages award for ten years ($7,986,779.00) to a damages award for five years, which is calculated at $3,876,748.00. If Plaintiff chooses to reject this suggestion, the case will be remanded for a new trial. Defendants' Motion Judgment as a Matter of Law (Docket No. 250), Motion for New Trial (Docket No. 251), and Motion for Oral Argument on Post-Trial Motions (Docket No. 252) will be denied as moot. An appropriate order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE